IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MINERVA MARTINEZ, SANDRA SCOTT, CARL GRAHAM, ANNE PARYS, DAVID ORTIZ, SEAN CHAMBERS, and TIFFANY JAMES, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.<br><br>Defendant. | Case No. 3:22-cv-00354<br><br>**DECLARATION OF CARLA PEAK IN SUPPORT OF SETTLEMENT NOTICE PLAN** |

I, Carla Peak, declare as follows:

1. My name is Carla Peak. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would testify competently to them.

2. I am a nationally recognized expert in the field of legal notice and I have served as an expert in dozens of federal and state cases involving class action notice plans.

3. I am the Vice President of Legal Notification Services for KCC Class Action Services, LLC ("KCC"), a firm that specializes in comprehensive class action services, including legal notification, email and postal mailing campaign implementation, website design, call center support, class member data management, claims processing, check and voucher disbursements, tax reporting, settlement fund escrow and reporting, and other related services critical to the effective administration of class action settlements. With more than 30 years of industry experience,[1] KCC has developed efficient, secure, and cost-effective methods to properly handle the voluminous data and mailings associated with the noticing, claims processing, and

---

[1] KCC acquired Gilardi & Co. LLC in 2015. This declaration combines the class action notice and administration experience of both firms.

disbursement requirements of these matters to ensure the orderly and fair treatment of class members and all parties in interest. KCC has been retained to administer more than 7,000 class actions and has distributed settlement payments totaling well over a trillion dollars in assets.

4. This declaration details the Settlement Notice Plan ("Notice Plan") proposed here for the Settlement in *Martinez, et al. v. Nissan North America, Inc.*, Case No. 3:22-cv-00354, in the United States District Court for the Middle District of Tennessee.

5. The facts in this declaration are based on my personal knowledge and my conversations with Class Counsel, as well as information provided to me by my colleagues in the ordinary course of my business at KCC.

## EXPERIENCE

6. KCC has administered class action settlements for such defendants as HP-Compaq, LensCrafters, United Parcel Service, Ford, Mitsubishi, Whirlpool, ATI Video Cards, and Twentieth Century Fox, among many others. KCC was also appointed to administer class action settlements in several other cases brought against Nissan North America, Inc. ("NNA") regarding the continuously variable transmission ("CVT") in certain Nissan vehicles. Further, KCC has been retained as the administrator in a variety of other consumer matters. Some examples of consumer cases in which KCC has administered settlements include: *Cappalli v. BJ's Wholesale Club, Inc.*, No. 1:10-CV-00407 (D.R.I.); *Cicciarella v. Califia Farms, LLC*, No. 7:19-cv-08785 (S.D.N.Y); *Cobb v. BSH Home Appliances Corp.*, No. 8:10-CV-0711 (C.D. Cal.); *Elkies v. Johnson & Johnson Services, Inc.*, No. 2:17-cv-07320 (C.D. Cal.); *Eubank v. Pella Corp.*, No. 1:06-12-04481 (N.D. Ill.); *Friend v. FGF Brands (USA) Inc.*, No. 1:18-cv-07644 (N.D. Ill.); *Hickcox-Huffman v. US Airways, Inc.*, No. 5:10-cv-05193 (N.D. Cal.); *In re Morning Song Bird Food Litigation*, No. 3:12-cv-01592 (S.D. Cal.); *In re Nexus 6P Products Liability*

*Litigation*, No. 5:17-cv-02185 (N.D. Cal.); *In re The Home Depot, Inc., Customer Data Security Breach Litigation*, No. 1:14-md-02583 (N.D. Ga.); *In re Trader Joe's Tuna Litigation*, No. 2:16-cv-01371 (C.D. Cal.); *In re Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation*, No. 1:15-cv-01364 (N.D. Ill.); *In re Sears, Roebuck & Co. Front-Loading Washer Products Liability Litigation*, No. 1:06-cv-07023 (N.D. Ill.); *Lerma v. Schiff Nutrition International, Inc.*, No. 1:13-CV-07747 (N.D. Ill.); *Norman v. Nissan North America, Inc.*, No. 3:18-cv-00534 (M.D. Tenn.); *Rikos v. The Procter & Gamble Co.*, No. 11-cv-00226 (S.D. Ohio); *Roberts v. Electrolux Home Products, Inc.*, No. 8:12-CV-01644 (C.D. Cal.); *Shames v. The Hertz Corp.*, No. 07-cv-2174-MMA (S.D. Cal.); *Stroud v. eMachines, Inc.*, No. CJ-2003-968 L (D. Ct. Cleveland County, Okla.); and *Suchanek v. Sturm Foods, Inc.*, No. 3:11-cv-00565 (S.D. Ill.).

7. More specifically, KCC has been appointed as the notice or claims administrator in several automotive cases. For example: *Adler v. Mercedes-Benz USA, LLC*, No. 14-cv-02349-TEH (N.D. Cal.); *Banks v. Nissan North America, Inc.*, No. 4:11-CV-02022-PJH (N.D. Cal.); *Bauer v. Toyota Motor Sales, U.S.A. II*, No. BC37501 (Los Angeles County Super. Ct., Cal.); *Bonomo v. BMW of North America, LLC*, No. 9:12-cv-80740-DMM (S.D. Fla.); *Corson v. Toyota Motor Sales, U.S.A., Inc.*, No. 12-8499-JGB (C.D. Cal.); *Fox v. Nissan North America, Inc.*, No. CGC-09-490470 (San Francisco County Super. Ct., Cal.); *Gann v. Nissan North America, Inc.*, No. 3:18-cv-00966 (M.D. Tenn.); *Haddadin v. Mitsubishi Motor Manufacturing of America, Inc.*, No. L-6513-00 (Camden County Super. Ct., N.J.); *Howard v. Ford Motor Co.*, No. 763785-2 (Alameda County Super. Ct., Cal.); *In re MINI Windshield Actions*, No. 2:10-cv-01151-ABC (PJWx) (C.D. Cal.); *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, No. 8:10-ml-02151 (C.D. Cal.); *Marsikyan v. Mercedes-Benz USA, LLC*, No. CV08-04876 AHM (C.D. Cal.); *Meyer v. Nissan North America,*

*Inc.*, No. BC263136 (Los Angeles County Super. Ct., Cal.); *Nelson v. Nissan North America, Inc.*, No. 3:17-cv-01114 (M.D. Tenn.); *Norman v. Nissan North America, Inc.*, No. 3:18-cv-00534 (M.D. Tenn.); *Rafofsky v. Nissan North America, Inc.*, No. 2:15-cv-01848 (C.D. Cal.); *Seifi v. Mercedes-Benz USA, LLC*, No. 3:12-cv-05493 (N.D. Cal.); *Sanborn v. Nissan North America, Inc.*, No. 0:14-cv-62567 (S.D. Fla.); *Stringer v. Nissan North America, Inc.*, No. 3:21-cv-00099 (M.D. Tenn.); *Suarez v. Nissan North America, Inc.*, No. 3:21-cv-00393 (M.D. Tenn.); *Szymczak v. Nissan North America, Inc. (In re Nissan Radiator/Transmission Cooler Litigation)*, No. 7:10-cv-07493-VB (S.D.N.Y.); *Terteryan v. Nissan Motor Acceptance Corp.*, No. 16-cv-2029 (C.D. Cal.); *Weckwerth v. Nissan North America, Inc.*, No. 3:18-cv-00588 (M.D. Tenn.); and *Williams A. Ambulance, Inc. v. Ford Motor Co.*, No. 1:06-CV-776 (E.D. Tex.).

8. I have personally been involved with creating and implementing notice programs in many large and significant class action settlements, including *In re Anthem, Inc. Data Breach Litigation*, No. 15-md-02617 (N.D. Cal.), a national data breach class action involving approximately 79 million class members who had their personally identifiable information exfiltrated from Anthem's databases; *In re Skelaxin (Metaxalone) Antitrust Litigation*, No. 1:12-md-02343 (E.D. Tenn.), a multi-state antitrust settlement involving both third-party payors and consumers that purchased or paid for brand and generic versions of the prescription drug metaxalone; *Chambers v. Whirlpool Corp.*, No. 8:11-cv-01733 (C.D. Cal.), a national product defect case involving class members who purchased allegedly defective dishwashers; *In re Trans Union Corp. Privacy Litigation*, No. 00 C 4729 (N.D. Ill.), a $75 million data breach class action settlement requiring one of the largest discretionary class action notice campaigns to reach virtually every adult in the United States; and *In re Residential Schools Litigation*, No. 00-CV-192059 (Ont. S.C.J.), the largest and most complex class action in Canadian history incorporating

a groundbreaking notice program to disparate, remote aboriginal persons qualified to receive benefits in the multi-billion dollar settlement.

9. In forming my opinions, I draw from my in-depth class action case experience. I have worked in the class action notification field for nearly 20 years. During that time, I have been involved in all aspects of the design and implementation of class action notice planning, as well as the drafting of plain-language notice documents that satisfy the requirements of Rule 23 and adhere to the guidelines set forth in the *Manual for Complex Litigation, Fourth* and by the Federal Judicial Center ("FJC").

## NOTICE PLAN

10. The Notice Plan is designed to provide notice to the Settlement Class comprised of the following two Settlement subclasses: (1) Subclass A is comprised of all current and former owners and lessees of 2017-2018 model year Nissan Altima vehicles equipped with a CVT who purchased or leased the vehicle in the United States or its Territories; and (2) Subclass B is comprised of all current and former owners and lessees of 2018-2019 model year Nissan Sentra, Versa, and Versa Note vehicles equipped with a CVT who purchased or leased the vehicle in the United States or its Territories.

11. Excluded from the Settlement Class are: (1) NNA, any entity or division in which NNA has a controlling interest, its/their legal representatives, officers, directors, assigns, and successors; (2) any judge to whom this case is assigned and the judge's clerks and any member of the judge's immediate family, and the Sixth Circuit Court of Appeals; and (3) government purchasers and lessees.

12. Rule 23 of the Federal Rules of Civil Procedure directs that the best notice practicable under the circumstances must include "individual notice to all members who can be

identified through reasonable effort."[2] The proposed Notice Plan satisfies this requirement. The Notice Plan provides for mailing of individual notice to all Settlement Class Members who are reasonably identifiable. In my opinion, providing individual notice to the Settlement subclasses satisfies the requirements of due process, is designed to reach and inform the Settlement Class Members, and is the best notice reasonably practicable under the circumstances.

*Data Compilation*

13. The class is estimated to consist of the current and former owners and lessees of approximately one million vehicles. Upon preliminary approval of the Settlement, Nissan will provide KCC with the Vehicle Identification Number ("VIN") associated with each vehicle included in this matter. Using the VIN, KCC will utilize the services of a third-party vendor, IHS Markit ("IHS"), to obtain mailing address data for the Settlement Class in preparation for mailing of notice.

14. IHS owns, maintains, and compiles proprietary databases of information comprised of titles, registration transfers, and renewals throughout the United States, to the extent such information is made available by the 50 states, the District of Columbia, and the Commonwealth of Puerto Rico.[3] All original, intervening non-current, and current owners and lesseesare included in IHS's databases of information.

15. As a result of restrictions contained in IHS's data sourcing contracts with the states of California, New Hampshire, Pennsylvania, and Virginia ("Restricted States"), notification to, or in some cases prior approval from, those states is required when a vehicle owner's or lessee's

---

[2] FED. R. CIV. P. 23(c)(2)(B).
[3] IHS is a premier provider of automotive information solution services to corporations worldwide. It acquired R.L. Polk & Company in July 2013.

name and address file is to be released from IHS for class action notices. IHS's Government Relations team is responsible for notifying the applicable state government agencies and, once permission is obtained or notice to Restricted States is sent, the lists will be provided to KCC for mailing. Restricted States release data at their sole discretion, and it can take up to several weeks.

16. KCC will facilitate communication with IHS and arrange for the transfer of data. KCC will then evaluate the mailing data, eliminate any exact-duplicate names and address records, and perform a high-level review for mailing preparation (i.e., remove known bad data, correct mailing information where possible, identify any data-related issues, and communicate them to the parties for resolution).

17. Next, KCC will process the data and pre-assign a unique sequential control number to each individual Settlement Class Member for use throughout the administration process. Prior to mailing, the addresses received from IHS will be run through the National Change of Address database ("NCOA")[4] in an effort to obtain the most recent mailing address on file with the United States Postal Service ("USPS") and to standardize the mailing address in accordance with USPS standards.

### *Individual Notice*

18. Settlement Class Members will each be sent a Summary Class Notice by direct mail. The Summary Class Notice will provide Settlement Class Members with important information describing the litigation, the proposed settlement and its benefits, the options that Settlement Class Members have (i.e., either to object to the proposed settlement, exclude

---

[4] The NCOA database contains records of all permanent change of address submissions received by the USPS for the last four years. The USPS makes this database available to mailing firms, and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

themselves from the Settlement Class, or remain in the Class and automatically receive benefits such as the Warranty Extension), and the process for submitting claims for reimbursement of any qualifying expenses, along with the deadlines for taking such actions.

19. The Summary Class Notice will be mailed to Settlement Class Members via First Class U.S. Mail. Any postcard Summary Class Notices that are returned by the USPS with a forwarding address will be re-mailed to the new address provided, and the Settlement Class Member database will be updated accordingly.

20. Postcard Summary Class Notices returned by the USPS without a forwarding address will be subject to an address search using a third-party lookup service or "skip-tracing." Upon successfully locating a better address, a postcard Summary Class Notice will be promptly re-mailed, and the Settlement Class Member database will be updated accordingly.

*Website*

21. A dedicated website will be established for the settlement where Settlement Class Members will be able to obtain detailed information about the case. The settlement website, the address of which will be provided on the individually-mailed Summary Class Notice, will allow visitors to obtain additional information about the litigation and the proposed settlement. For instance, Settlement Class Members will be able to review and download the Long Form Notice with more detailed information about the litigation, the terms of the proposed settlement, and options that Settlement Class Members may exercise and any associated procedures and deadlines. The settlement website will also allow Settlement Class Members to review other documents and pleadings filed by the parties in conjunction with the Settlement; obtain relevant dates and deadlines; review answers to Frequently Asked Questions; and obtain other pertinent case information. Visitors will also be able to complete and submit a Claim Form online.

22. KCC will also maintain a dedicated case email address for Settlement Class Members to use to obtain answers to questions about the Settlement.

*Phone Support*

23. A dedicated toll-free Interactive Voice Response system ("IVR") will be established to allow Settlement Class Members to access case information via menu-driven prompts. Among other things, the IVR will allow Settlement Class Members to listen to answers to Frequently Asked Questions and request to have a copy of the Long Form Notice and Claim Form mailed to them.

**CONCLUSION**

24. In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution and by case law pertaining to the recognized notice standards under Rule 23. This framework directs that the notice program be reasonably calculated to reach the class and, in a class action settlement notice situation such as this, that the notice or notice program itself does not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All these requirements will be met in this case.

25. The Notice Plan described above provides for the best notice practicable under the circumstances of this case, conforms to all aspects of Rule 23, and comports with the guidance for effective notice set out in the *Manual for Complex Litigation, Fourth*.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 1, 2022, at Sellersville, Pennsylvania.

*[signature: Carla Peak]*

Carla Peak

9

Case 3:22-cv-00354    Document 27    Filed 08/01/22    Page 9 of 9 PageID #: 572