IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MINERVA MARTINEZ, SANDRA SCOTT, CARL GRAHAM, ANNE PARYS, DAVID ORTIZ, SEAN CHAMBERS and TIFFANY JAMES, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.,<br><br>Defendant. | Case No. 3:22-cv-00354<br><br>**CLASS ACTION**<br><br><br>Judge Eli J. Richardson |

**NISSAN NORTH AMERICA, INC.'S RESPONSE TO
OBJECTION TO FINAL APPROVAL OF CLASS SETTLEMENT FROM GUADALUPE
MARTINEZ SOLANO AND FILOMENO ESTANISLAO VARGAS**

Defendant Nissan North America, Inc. ("NNA") submits this response to the objection to the Settlement filed by Guadalupe Martinez Solano ("Solano") and Filomeno Estanislao Vargas ("Vargas"). (ECF # 80) (hereinafter "Objection").

**I.
INTRODUCTION**

Class Counsel, NNA, and Objectors Solano and Vargas have reached an agreement based on the Declarations submitted by Solano and Vargas, and the particular circumstances of their request, that Solano and Vargas should be permitted a late request to opt out or be excluded from the Settlement Class based on their showing that the delay was due to excusable neglect. NNA and Objectors' counsel, Strategic Legal Practices APC ("SLP"), have also reached an agreement, to be detailed for the Court at the Final Fairness hearing, under which NNA will not oppose certain other late requests to opt out or be excluded from the Settlement Class that were submitted prior

to the Final Fairness hearing where excusable neglect has been claimed. Having been permitted to opt out of the Settlement Class, Solano and Vargas are separately withdrawing their Objection. While the Objection has been withdrawn, NNA nevertheless files this Response to address the withdrawn Objection in the event the Court has any remaining questions about any arguments made in the Objection.

## II.
## BACKGROUND

Neither Solano or Vargas objected to the fairness, reasonableness, or adequacy of the class action settlement. Rather, the Objection explained the circumstances under which they had failed to exclude themselves from the Settlement Class by the deadline for opt-out requests and sought, *inter alia*, acceptance of their late opt-out requests. As mentioned above, NNA does not oppose their requests to opt-out and the Objection is being withdrawn.

Solano filed a lemon lawsuit against NNA in October 2020 in Los Angeles, California Superior Court, represented by SLP. Solano Decl. ECF # 80-2, ¶¶ 9-10. Vargas has not filed an individual suit against NNA but states that on February 13, 2023, she signed a retainer agreement with SLP to represent her in connection with her potential claim against NNA. Vargas Decl. ECF # 80-1, ¶ 10. Neither Solano or Vargas submitted a request to be excluded from the proposed class Settlement Class, or filed an objection to the Settlement, by this Court's February 13, 2023 deadline. On Thursday night, March 16, 2023, they filed their Objection to the Settlement and alternative request to be excluded from the Settlement Class arguing that because they cannot speak, read, write, or comprehend English, they did not comprehend the Summary Notice and did not realize that they needed to opt out in order to preserve their ability to sue NNA over alleged defects in the CVT transmissions in their vehicles. The Objection is the first time Solano or Vargas presented any evidence to support their claim of excusable neglect.

Because Solano and Vargas submitted sworn Declarations attesting that they do not speak, read or write in English, that Spanish is the sole language they can comprehend, that they did not comprehend the Summary Notice provided in English and for that reason failed to opt out on time, and because they came forward before the Fairness Hearing and within weeks of the opt-out deadline, NNA does not oppose allowing Solano and Vargas to opt out of the Settlement Class late based on their individual circumstances as attested to in the sworn Declarations they have filed. *See* ECF # 80-1 & 80-2. However, the Objection asserted by Solano and Vargas did not have merit, as the approved class notice complied with due process and Rule 23, and the mere pendency and prosecution of an individual lawsuit is not an effective opt out.

## III.
## THE NOTICE COMPLIED WITH RULE 23 AND DUE PROCESS

The notice program approved by the Court fully complied with due process and Rule 23. The notice program is materially the same as the notice program in the following cases approving class actions settlements related to the CVTs in Nissan vehicles:

> *Kenai Batista, et al. v. Nissan North America, Inc.*, Cause No. 14-cv-24728-RNS, United States District Court for the Southern District of Florida, June 29, 2017 [Docket No. 191]
>
> P*atricia Weckwerth, et al. v. Nissan North America, Inc. [f/k/a Norman, et al. v. Nissan North America, Inc., et al.]*, Case No. 3:18-cv-00588, United States District Court for the Middle District of Tennessee, March 10, 2020 [Docket No. 181]
>
> *Christopher Gann, et al. v. Nissan North America, Inc.*, Case No: 3:18-cv-00966, United States District Court for the Middle District of Tennessee, March 10, 2020 [Docket No. 130]
>
> *Cheyne Norman, et al. v. Nissan North America, Inc. [f/k/a Madrid, et al. v. Nissan North America, Inc., et al.]*, Case No. 3:18-cv-00534, United States District Court for the Middle District of Tennessee, March 10, 2020 [Docket No. 123]
>
> *Teresa Stringer, et al. v. Nissan North America, Inc.,* Case No. 3:21-cv-00099, United States District Court for the Middle District of Tennessee, March 23, 2022 [Docket No. 126]

The Summary Notice directly mailed to addresses of registered owners of the Class Vehicles obtained from the Departments of Motor Vehicles of all 50 states in the United States and its territories, combined with the publication of the Long Form Notice, the Settlement Agreement and its other exhibits, and the Preliminary Approval Order on the Settlement Website clearly advised Class Members of the procedure and deadline for excluding themselves from the Settlement Class and notified them that if they did not do so, and the Settlement was approved, the Settlement's Release would bar their claims asserting defects in their vehicles' CVT transmissions.[1] There is no requirement that a Summary Notice mailed to some two million class members be provided in Spanish, or whatever multiple other languages class members may speak (*see* Objection at 14 referring to "Spanish, Chinese, Tagalog, Vietnamese, [and] Korean.").

### A. Spanish Language Summary Notice Was Not Required

Solano and Vargas argued that the notice was inadequate and violated due process because they speak Spanish and the Summary Notice mailed to some two million class members was provided in English. But they cited no authority holding that due process requires that notice be provided in Spanish. Indeed, a requirement for notice documents to be provided in multiple versions in every language that a large national class might speak as their primary language would be utterly unworkable. *See In re Packaged Ice Antitrust Litig.*, 2018 WL 4520931, at *5 (6th Cir. May 24, 2018) (finding that notice was reasonably calculated to reach potential class members and provide them with an opportunity to object to the proposed settlement, even without a Spanish version, and noting the lack of "any legal authority that notice must be provided in a foreign language"); *In re Visa Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 517 (E.D.N.Y.

---

[1] Notice of the proposed Settlement was mailed to 1,954,169 Class Members and according to the records of the Settlement Administrator, reached 1,879,449 Class Members, or 96% of the Class. *See* Cooper Decl., ECF # 53, at pp. 3-4 ¶¶ 6-14.

2003), *aff'd sub nom. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) (finding no due process violation when a settlement notice was not translated into Spanish). Solano and Vargas merely cite cases where the court approved a Spanish-language notice under the specific circumstances present in the particular case.[2] There are no circumstances here indicating that a disproportionate number of class members are Spanish-only speakers who do not understand English. The Settlement Class is nationwide and embraces purchasers and lessees of Nissan vehicles throughout the country. There is nothing unique about the class or the subject matter of the case to suspect that a significant number of class members are not sufficiently proficient in English to understand the approved class notice. *See, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) (finding that the plaintiff did not provide sufficient evidence of an identifiable subclass of claimants who could not comprehend the settlement document in English, thus, finding notice sufficient).

Solano and Vargas demanded notice in the particular language they happen to speak, but there may be many other languages spoken by the two-million members of the Settlement Class. They failed to explain how as a practical matter the Parties could have ascertained each language

---

[2] *See Maciel v. Bar 20 Dairy, LLC*, 2020 WL 5095885, at *20 (E.D. Cal. Aug. 28, 2020) (named plaintiff submitted a declaration at the class certification stage of inability to speak English and notice specifically intended for approximately 300 persons formerly employed by one particular business where the plaintiff had worked); *Raquedan v. Volume Servs., Inc.*, 2020 WL 1929343, at *3 (N.D. Cal. Apr. 21, 2020) (all class members worked at a single facility nor did the court require a Spanish notice as a condition precedent to certification); *Rodriguez v. D.M. Camp & Sons*, 2012 WL 6115651, at *13 (E.D. Cal. Dec. 7, 2012) (action against table grape growers based in Kern County, California for violation of the Agricultural Workers Protection Act; notice in Spanish was not required, merely a declaration of the accuracy of translation pursuant to local rules of court; declarations submitted in support of the preliminary approval order specifically mentioned that many class members are Spanish speaking, and that plaintiff's counsel had Spanish speaking attorneys to assist in the case).

spoken by each Class Member and provided notice to that Class Member in that particular language. Nor could the Parties make the injurious assumption that persons with certain surnames lack sufficient English proficiency to understand the class notice.[3] Indeed, the lead plaintiff in this case is an individual with a Spanish surname, Minerva Martinez, who has litigated this case in English, and her counsel never suggested that the Summary Notice be provided in Spanish.

Solano and Vargas attempted to use the voluntary posting of the Long-Form Notice in Spanish on the Settlement Website, something that was not required, as an admission that the Court-approved notice plan was inadequate and that the Summary Notice should have been mailed to millions of Class Members in both Spanish and English versions. That is incorrect. Including a Spanish-language version of the Long-Form Notice on the website was an extra accommodation, beyond what was required by due process, Rule 23, or the Court's Preliminary Approval Order.

**B.    The Notice Advised Class Members Of the Need to Opt Out to Preserve Their Individual Claims Against NNA**

Solano and Vargas also argued that that the Class Notice was not sufficiently clear that the opt-out procedures had to be followed by class members who had already filed individual suits against NNA. The notice clearly advised class members that individual litigation of claims related to their CVTs would be barred by a failure to opt out if the Settlement is approved.

The Long-Form notice stated:

*9. Am I giving anything up in return for my benefit?*

Unless you get out of the Settlement (which is called "excluding yourself" or "opting out"), you are part of the Settlement Class. By staying part of the Settlement Class, . . . you will give Nissan . . . a "release." *This release means you cannot sue or be part of any other lawsuit against the Defendant . . .* in any way *related to transmission* design, manufacturing, performance, or repair of the Class Vehicles' CVT.

---

[3] *See* Objections at 14, n. 11 (presuming named plaintiff Martinez must be a predominantly Spanish speaker based on her surname.

*12. Can I get out of the Settlement?*

You can get out of the Settlement and the Class. This is called "excluding yourself" or "opting out." If you exclude yourself from the Settlement, you will not be entitled to receive the Settlement benefits. However, you will not be bound by any judgment or settlement of this class action lawsuit and *will keep your right to sue Nissan independently over any claims you may have*.

*13. How can I exclude myself from the Settlement?*

. . .

If you do not follow these procedures . . ., you will remain a Class Member and lose any opportunity to exclude yourself from the Settlement. This means that *your rights will be determined in this lawsuit* by the Settlement Agreement.

*22. What if I do not do anything?*

If you do nothing, you will remain a Class Member. . . . In return for these benefits, you will be bound by the terms of the Settlement, which means you will release and cannot bring a lawsuit against Defendant for the claims at issue in this lawsuit. *The scope of this release is set forth in the Settlement Agreement. See response to Question 9*.

Beyond these provisions, the Settlement Agreement, ¶ 101, provides that: "Upon the Effective Date of Settlement: . . . (c) Class Members *shall be permanently barred and enjoined from initiating, asserting, or prosecuting* any Released Claim against the Released Parties in any federal or state court or tribunal." Finally, the Preliminary Approval Order, ¶ 14, provides that: "Class Members who fail to submit a valid and timely request for exclusion . . . shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, *regardless of whether they have filed a separate lawsuit* . . .." (Emphasis added). The complaints about the notice are not valid.

The Objectors cited *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 759 (6th Cir. 2013) for the notion that Nissan was *required* to notify the settlement class that pending lemon law cases against NNA would be affected if they did not opt out. However, *Vassalle* does not impose such a requirement and is easily distinguishable. First, the language used in the Long-Form Notice here was much more specific than in *Vassalle* and informed Settlement Class members that they could

not participate in any lawsuit "in any way *related to transmission* design, manufacturing, performance, or repair of the Class Vehicles' CVT." Moreover, in *Vassalle* the defendant had obtained fraudulent judgments using phony affidavits and the general language about the settlement release only advised class members that they could not sue the defendant to recover damages unless they opted out of the settlement. The problem is that the release did not also advise class members that they would be barred from using the phony affidavits to vacate the fraudulent judgments the lender had already obtained. *Vassalle* involved a unique circumstance that simply has no bearing here.

## IV.
## A PENDING LAWSUIT IS NOT AN OPT OUT

The Objection also argued that Solano did not need to follow the Court's procedures to opt out of the Settlement Class because "[t]he filing of an individual action is sufficient to opt out of a class settlement." Objection at 18 n.16. The argument was both legally incorrect and could be adverse to class members' interests, especially where a class member has asserted claims beyond those made in the class action lawsuit. Solano's suit illustrates the issue. According to her Objection, she had complaints about multiple other systems in her vehicle unrelated to the CVT. *See* Objection at 8 ("Ms. Solano's Complaint alleged that her 2019 Nissan Sentra contained numerous defects," including defects with the brake pedal, the lamp switch, the A/V control unit, the key fob recognition system, the distance sensor, and others). Someone in her situation could rationally decide (1) to participate in the Settlement and obtain the Settlement's benefits, including the Extended Warranty, in exchange for the release of her CVT claims but also (2) to continue to pursue the non-CVT claims in her individual lawsuit. Those Class Members should be allowed to make that choice, and not be automatically carved out of the Settlement when they have taken no action to show such is their desire. Still others may have a lawsuit that does not make any claims

about the CVT at all, and certainly should not be automatically opted out of a settlement that could only benefit them.

### A. The Settlement Agreement and Preliminary Approval Order Set Forth the Requirements of an Opt Out

To opt out, the Preliminary Approval Order (PAO) specifies that a Class Member wishing to exclude himself/herself from the Settlement must:

(1) *send to the Settlement Administrator*

(2) postmarked no later than 60 days after the Notice Date

(2) his or her own, personally signed letter or request providing

    (i)    his/her name,

    (ii)    address,

    (iii)    telephone number,

    (iv)    model and year of vehicle(s),

    (v)    the VIN number of the vehicle(s), and

    (vi)    *a clear statement communicating that he/she elects to be excluded* from the Settlement Class.

PAO ¶¶13-14 (emphasis added). The Long-Form Notice (provided in both English and Spanish) as well as the Settlement Website specify the Notice Date as December 15, 2022 and the deadline for exclusion/opt out requests as February 13, 2023. The PAO also clearly specifies that "Class Members who fail to submit a valid and timely request for exclusion on or before [the Deadline] shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, *regardless of whether they have filed a separate lawsuit* or requested exclusion from the Settlement. PAO ¶14 (emphasis added).

### B. Pending Parallel Litigation Not Sufficient to Communicate Opt-out Request

The Objection principally relied on a forty-five-year old case, *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62 (N.D. Cal. 1976), for the proposition that the pendency

and prosecution of an individual lawsuit substitutes for the opt out or exclusion procedures set out in the Settlement Agreement, Class Notice, and Preliminary Approval Order and automatically excludes the class member from participating in the settlement. However, *McCubbrey* is neither controlling nor applicable. Moreover, even under *McCubbrey*, individual suits filed *prior to* class notice (such as Solano's suit) do not constitute effective opt-outs from a class settlement.

As noted in 3 Newberg on Class Actions § 9:46 (5th ed.), "Most courts hold that pending parallel litigation is <u>not</u> sufficient to communicate an opt-out request." (Emphasis added). Courts that have allowed a lawsuit to serve as an opt out have done so under limited circumstances. In fact, several decisions from the Northern District of California, where *McCubbrey* was decided, have held that filing a suit before an opt-out period begins does not evince a plaintiff's intent to opt out of the settlement class. *See e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litigation*, 2014 WL 4181732, at *5 (N.D. Cal. Aug. 20, 2014) ("[T]he weight of authority . . . is clear: filing an individual case prior to the opt-out period and continuing to litigate that case through the opt-out period is insufficient"); *Bowman v. UBS Financial Services, Inc.*, 2007 WL 1456037, at *2 (N.D. Cal. May 17, 2007) (holding, "[T]he mere pendency and continued prosecution of a separate suit, which the litigant instituted before commencement of the 'opt-out' period in a related class action, neither registers nor preserves a litigant's election to 'opt out' of the related class action."); *Jackson v. SPS Techs., LLC*, 2018 WL 4440804, at *3 (C.D. Cal. Sep. 4, 2018) (holding a plaintiff who filed suit before an opt-out period began did not opt out of a class).

While the Northern District of California in *McCubbrey* concluded that, under the circumstances of that particular case, the filing of a lawsuit *after* class notice but before the opt-out deadline could evince an intent to be excluded from the settlement, district courts in the Sixth Circuit have rejected the broad notion that the mere filing of a lawsuit evinces an intent to opt out

of a class action settlement. *See, e.g.*, *Frost v. Household Realty Corp.* 61 F. Supp. 3d 740, 748 (S.D. Ohio 2004); *In re Regions Morgan Keegan Securities, Derivative and ERISA Litigation*, 2014 WL 12808035, at *4 (W.D. Tenn. Oct. 8, 2014).

### C. Separate Notice to Counsel in Pending Cases Not Required

Solano argued that, in addition to direct notice to Class Members, NNA was obligated to advise counsel with pending cases of the preliminarily approved class action settlement. Solano cited no authority for such a requirement. Rule 23 requires that notice be given to the class members themselves. Fed. R. Civ. P. 23(e)(1)(B). The Rule does not mention providing notice to counsel representing class members in individual litigation. In fact, one court to address the issue has found such notice unnecessary. *See Jackson v. SPS Techs., LLC*, 2018 WL 4440804, at *3 (C.D. Cal. Sept. 4, 2018) (noting that Rule 23 outlines the notice procedures, there is no authority requiring notice to be mailed to counsel, and "using a third-party administrator to mail the required notice [directly to the class members] is standard practice.").

Solano's argument that NNA implicitly recognized that she had opted out of the Settlement by continuing to litigate her individual suit for a few days after the opt out deadline was factually incomplete and legally inaccurate. First, NNA could not have presumed that this Court would grant final approval of the Settlement and so was required to meet any deadlines in pending cases while the settlement approval process played out. Further, the Class Counsel and NNA were not given a list of Opt-Outs until after the February 13, 2023 deadline. The Settlement Administrator typically waits at least a week or more for timely mailed opt-outs to be received and that was done in this case as well. Solano's counsel was promptly advised upon learning that Solano had not submitted an opt-out.

11
Case 3:22-cv-00354    Document 83    Filed 03/20/23    Page 11 of 16 PageID #: 1772

# V.

## THE REMEDY FOR CLASS MEMBERS WHO FAILED TO OPT OUT BY THE COURT'S DEADLINE IS TO SEEK PERMISSION TO OPT OUT LATE DUE TO EXCUSABLE NEGLECT

The proper avenue to address a failure to submit a timely opt-out request is not a challenge to the class notice which fully complied with due process, Rule 23, and this Court's Preliminary Approval Order. Rather, it is a motion seeking leave to opt out late. The Court can grant such leave where the failure to meet the deadline was due to excusable neglect. "On motion for a late opt-out, a district court must determine (1) whether the movant's neglect was excusable, and (2) whether either party would be substantially prejudiced by the court's action." *In re King Pharms., Inc. Sec. Litig.*, 2007 WL 1100669, at *1 (E.D. Tenn. Apr. 12, 2007); *Hawkins v. Holiday Inns, Inc.*, 1977 WL 1532, at *2 (W.D. Tenn. Dec. 16, 1977). *See Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (articulating factors for court to consider including how quickly the belated opt-out request was received after notice of the settlement).

## CONCLUSION

While NNA does not object to the alternative request of Solano and Vargas to opt out of the Settlement Class late based on the showing in their Declarations of excusable neglect, their now-withdrawn criticism of the Court-approved notice program in this case was misplaced. The notice program was robust and successful and fully complied with Rule 23 and the requirements of due process. Nor was there a basis for the Court to carve out of the Settlement Class Spanish speakers (or those who might be Spanish speakers based on their surnames) or those with pending individual lawsuits against NNA raising CVT-related claims because doing so would impinge on the rights of those Class Members to make their own elections as to whether they wished to participate in the Settlement.

Dated: March 20, 2023						Respectfully submitted,


						By: */s/ E. Paul Cauley, Jr.*
						John S. Hicks (BPR No. 010478)
						BAKER, DONELSON, BEARMAN, CALDWELL
						& BERKOWITZ, P.C.
						1600 West End, Suite 2000
						Nashville, Tennessee 37203
						(615) 726-5600
						(615) 744-7337 (fax)
						jhicks@bakerdonelson.com

						E. Paul Cauley, Jr.
						FAEGRE, DRINKER, BIDDLE & REATH LLP
						1717 Main Street, Suite 5400
						Dallas, Texas 75201
						(469) 357-2500
						(469) 327-0860 (fax)
						paul.cauley@faegredrinker.com

						Bradley J. Andreozzi (admitted *pro hac vice*)
						FAEGRE, DRINKER, BIDDLE & REATH LLP
						320 S. Canal Street, Suite 3300
						Chicago, Illinois 60606
						(312) 569-1000
						(312) 569-3000 (fax)
						bradley.andreozzi@faegredrinker.com

						*Attorneys for Defendant Nissan North America, Inc.*

# CERTIFICATE OF SERVICE

       I hereby certify that on March 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF, as listed below.

Melissa S. Weiner
mweiner@pwlaw.com
**PEARSON WARSHAW, LLP**
328 Barry Avenue South, Suite 200
Wayzata, MN 55319
Telephone: (612) 389-0600
Facsimile: (612) 389-0610

Gregory F. Coleman
gcoleman@milberg.com
**Milberg Coleman Bryson Phillips Grossman PLLC**
800 South Gay Street, Suite 1100
Knoxville, TN 37929

Tarek Zohdy
Tarek.Zohdy@capstonelawyers.com
Cody R. Padgett
Cody.Padgett@capstonelawyers.com
Laura E. Goolsby
Laura.Goolsby@capstonelawyers.com
**Capstone Law APC**
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396

Norberto J. Cisneros, Esq.
Barbara McDonald, Esq.
**Maddox & Cisneros, LLP**
3230 S. Buffalo Drive, Suite 108
Las Vegas, Nevada 89117
Telephone: (702) 366-1900
Facsimile: (702) 366-1999

James C. Shah (SBN 260435)
jcshah@millershah.com Natalie
Finkelman Bennett
nfinkelman@millershah.com
**MILLER SHAH LLP**
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367

Lawrence Deutsch
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
ldeutsch@bm.net

*Attorneys for Plaintiffs and the Proposed Settlement Class*

Jay S. Bowen
Jacob Clabo
Shakelford Bowen McKinley
& North, LLP
1 Music Circle South, Suite 300
Nashville, TN 37203
Telephone: (615) 329-4440
Facsimile: (615) 329-4485
jbowen@shackelford.law
jclabo@shackelford.law

Payam Shahian *(pro hac vice pending)*
Strategic Legal Practices, APC
1888 Century Park East, 19th Floor
Los Angeles, CA 90067
Telephone: (310) 277-1040
Facsimile: (310) 943-3838

*Attorneys for Objectors Guadalupe Martines Solano and Filomeno Estanislao Vargas*

In addition, class members who submitted objections but would not receive notice via the CM/ECF system were served by mail, as listed below:

Gregory Cappello
1 Kendall Court
Marlton, NJ 08053

Eric Vinson
1562 Hugo Circle
Silver Springs, MD 20906

Mark Nieto
5 Marvin Lane
Commack, NY 11725

Patricia Robbins
3513 Furlong Way
Fort Worth, TX 76244

Da'Lisa Bennett
680 Josh Lane
Lawrenceville, GA 30045

Duane Cox
10325 S. Manhattan Place
Los Angeles, CA 90047

*/s/ E. Paul Cauley, Jr.*
E. PAUL CAULEY, JR.